UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDDIE B. SANDERS,

          Petitioner,

v.                                      Case No. 24-cv-0827-bhl

STEVEN R. JOHNSON, Warden,
Milwaukee Secure Detention Facility,

          Respondent.

_____

## SCREENING ORDER
_____

        On July 2, 2024, Petitioner Eddie B. Sanders, a state prisoner currently incarcerated at the Milwaukee Secure Detention Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On July 8, 2024, he also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 3.) Then, on July 17, 2024, Sanders paid the $5.00 filing fee, rendering his motion for leave to proceed without prepayment of the filing fee moot. The matter is now before the Court for screening.

        Rule 4 of the Rules Governing Section 2254 Cases, requires the Court to screen Sanders's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

The petition refers to *State v. Sanders*, Milwaukee County Case Numbers 2016CF4982, 2017CF953, and 2017CF4985 available at https://wcca.wicourts.gov (last visited 8/8/24). The Court has reviewed the publicly available docket for those cases and the Wisconsin Court of Appeals' decision affirming Sanders's convictions. *See State v. Sanders*, Nos. 2018AP2017-CR, 2018AP2018-CR, 2018AP2019-CR, 2019 WL 4265201 (Wis. Ct. App. Sept. 10, 2019). These records show that pursuant to a plea agreement, Sanders pleaded guilty to attempted third-degree sexual assault in Case No. 2016CF4982 and to felony intimidation of a witness in Case No. 2017CF953. *Id.* at *1. During the plea hearing, Sanders entered a guilty plea to violating the sex offender registry in Case No. 2017CF4985. *Id.* at *2. Sanders then filed a postconviction motion arguing that he did not knowingly, intelligently, and voluntarily enter his guilty pleas; trial counsel was ineffective for not bringing a motion to sever the co-defendants; and the circuit court erred in granting the state's motion to admit other-acts evidence. *Id.* The circuit court denied the motion without a hearing. *Id.* On September 10, 2019, the Wisconsin Court of Appeals affirmed Sanders's conviction. *Id*. at *1. The petitioner filed a petition for review with the Wisconsin Supreme Court, which was denied on December 10, 2019. https://wcca.wicourts.gov/caseDetail.html?caseNo=2016CF004982&countyNo=40&mode=details (last visited 8/8/24); *see also State v. Sanders*, 938 N.W.2d 174 (Wis. 2019).

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. Sanders's conviction became "final," and his one-year limitations period began to run on March 9, 2020 – 90 days after the Wisconsin Supreme Court denied review. He then had one year from that date to file his federal habeas petition, or by March 9, 2021. The Court did not receive Sanders's petition until July 2, 2024, more than three years after the statute of limitations expired. Sanders's petition is therefore untimely.

The Court has reviewed on-line records to see if Sanders might have a basis to argue that the limitations period was tolled to make his petition timely. For example, a petitioner who pursues post-conviction relief in state court may toll the habeas statute of limitations while those state court efforts are pending. *See* 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S 327, 331 (2007). On-line records of the Milwaukee County circuit court docket show that Sanders filed a *pro se* motion for clarification of sentence on January 16, 2020 and a *pro se* motion for reconsideration on January 31, 2020. On February 14, 2020, the judgments were again affirmed. Even using this one-month later date as Sanders's final date of judgment and allowing time to petition the Supreme

Court, Sanders's petition is untimely. Sanders next filed a motion for post-conviction relief on July 19, 2023. https://wcca.wicourts.gov/caseDetail.html?caseNo=2016CF004982&countyNo=40&mode=details (last visited 8/8/24). This post-conviction effort would not have tolled the one-year limitation period because the motion was commenced well *after* the statute of limitations had already expired. *See* 28 U.S.C. § 2244(d)(2); *see also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

While it appears that Sanders's petition is untimely, it may be possible (albeit unlikely) that Sanders could show that the limitation period for his claims began running at a date other than when his criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). It is also possible, but again unlikely, that Sanders could show that he is entitled to equitable tolling. *See Gladney*, 799 F.3d at 895–96; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, before dismissing the Petition as untimely, the Court will allow Sanders thirty days to explain why his claims are not barred by Section 2254's one-year statute of limitations. If Sanders fails to file a response that complies with this Order, his Petition will be dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.).

Accordingly,

**IT IS ORDERED** that the petitioner's motion for leave to proceed without prepayment of the filing fee, ECF No. 3, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, within **30 days of the date of this order**, Sanders shall show cause, if any, why his application for relief under Section 2254 is not time-barred. If Sanders fails to respond within 30 days, his petition will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on August 8, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge