UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDDIE B. SANDERS,

        Petitioner,

v.                                                                            Case No. 24-cv-0827-bhl

STEVEN R. JOHNSON, Warden,
Milwaukee Secure Detention Facility,

        Respondent.

## ORDER

On August 8, 2024, the Court screened Petitioner Eddie B. Sanders's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and determined the petition was untimely. (ECF No. 6.) As noted by the Court, under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. (*Id.* at 2.) Sanders's conviction became "final," and his one-year limitations period began to run on March 9, 2020. (*Id.*) The Court received Sanders's petition on July 2, 2024, more than three years after the statute of limitations expired. (*Id.*)

Before dismissing the petition as untimely, the Court allowed Sanders thirty days to explain why his claims are not barred by Section 2254's one-year statute of limitations. (*Id.* at 3.) The Court also noted that if Sanders failed to file a response that complied with the Court's Order, his petition would be also dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.). Sanders has failed to file any response and the Court will therefore dismiss his petition as untimely.

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 16, 2024.

                                                  s/ *Brett H. Ludwig*
                                                  BRETT H. LUDWIG
                                                  United States District Judge